# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12-CR-238 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID DOWD |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| ANTHONY HAYNE, | ) | **OF DEFENDANT HAYNE** |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

    Now comes Defendant Anthony Hayne (the "Defendant"), by and through counsel, and hereby respectfully submits his sentencing memorandum in connection with his November 21, 2012 sentencing by this court.

    The sentencing for this Defendant is more complicated than the other three defendants who've already pled and been sentenced in this matter. The Defendant pled guilty in this case some time ago pursuant to a written plea agreement. That plea agreement had certain provisions in it that may or may not control the court's sentencing as a relates to the Defendant. As will be more thoroughly discussed below, it is a good faith understanding of the undersigned that the purpose and intent of the plea agreement, and the sentence range contemplated in the plea agreement, contemplated that the defendant would receive no more than one half of the sentence given to the other three defendants who have pled guilty.

-1-

## I. The Plea Agreement of the Defendant - and the agreement that the "weapons of mass destruction" enhancement applies.

As this Court is aware, the Defendant pled guilty pursuant to a written plea agreement (the "Plea Agreement"). The Plea Agreement provides for some things that this Court has ratified in connection with the other three defendants, and some things that this Court has not ratified or will not ratify as it relates to the other three defendants.

First, the Plea Agreement provides that the Government and the Defendant agree that the terrorism enhancement provided by § 3A4.1(a) of the Sentencing Guidelines applies to the actions of the Defendant and the other defendants in this case. In connection with the sentencing opinion of this Court as it relates to the other three defendants, this Court, after a careful analysis of the case law and the facts of this case, has agreed that the terrorism enhancement applies. The undersigned and the Defendant obviously cannot take issue with this Court in that regard.

Second, the Plea Agreement provides that the Government and the Defendant agree that the weapons of mass destruction enhancement (per §2M6.1(a) of the Sentencing Guidelines) applies as well. However, this Court in its sentencing opinion as a relates to the other three defendants, has agreed with the probation department's conclusion that the weapons of mass destruction enhancement does not apply to the acts of this case. Instead, this Court has concluded that the arson enhancement (per §2K1.4 of the Sentencing Guidelines) applies to the actions of this case. As

this Court is surely aware, applying the weapons of mass destruction enhancement creates a base level offense of 28, while a arson enhancement creates a base level of only 24.  The net effect of this conclusion and ruling by this Court is that defendant Connor Stevens is in line to receive a sentence in the exact same range contemplated for the Defendant in the Plea Agreement. This net effect substantially interferes with and frustrates the purpose and intent of the Plea Agreement - which was to give the Defendant (in light of his substantial cooperation and allocution in this case) essentially a sentence equal to one half of what the other defendants would or could receive. In light of this functional interference with the spirit and intent of the Plea Agreement, it is anticipated that, notwithstanding the Plea Agreement, the Defendant will seek to have this Court apply the arson enhancement to the Defendant when it comes to his sentence on November 21, 2012.  If this happens, the net effect will be to reduce the Defendant's possible guideline level to 27 (instead of the 31 contemplated in the Plea Agreement) - thus giving this Court the ability to sentence the Defendant in the range of 130 to 162 months.

The Defendant and the undersigned are also contemplating approaching the Government to inquire whether or not the Defendant should in fact get a sentence that is no more than one half of the lowest sentence given to any eight of the other three defendants. For instance, if this court ends up sentencing Connor Stevens to only 188 months, then the Defendant and the undersigned contemplate

asking the Government to agree to a revised plea agreement scenario where the Defendant would get a prison sentence of only 94 months. In that regard, the purpose and intent of the Plea Agreement would be served.

## II. **The substantial cooperation of the Defendant**.

As the Government and this Court are aware, the Defendant has provided more than substantial assistance to the Government. The defendant proffered twice, and the defendant testified against the other defendants in connection with the sentencing issues of those other three defendants. This Court relied heavily upon the defendants testimony in that regard, and this Court quoted the Defendant's testimony in its sentencing Journal opinion. Further, the Government has repeatedly cited to the Defendants cooperation in its own recently filed sentencing memorandum. See pages 58 and 16 of that sentencing memorandum.

By way of an analogy, the defendant has been three times more cooperative and accepting than the other defendants in this case. The defendant proffered twice, pled guilty pursuant to a written plea agreement, and testified against the other defendants. As this Court may recall, the Government's sentencing memorandum makes reference to the lack of for Morse or allocution of the other defendants in connection with their actions in this case. As this Court is aware, those other three defendants attempted to blame others, including the CHS, as well as drugs alcohol and generally society for their actions in this case - in an attempt to try to

take their sentence out of the "heartland" of the sentencing guidelines. No such fiction has been perpetuated by the Defendant.

### III. The "minor" role of the Defendant.

Although not mentioned in the Plea Agreement, like the analysis this Court did with respect to Connor Stevens' involvement in this case, it is clear that the Defendant, in equity, should receive the benefit of a "minor role" involvement as set forth in §3B1.1 of the Sentencing Guidelines. As with Connor Stevens, the Defendant came into this proverbial insane football game during the last 2 minutes of the fourth quarter - and in fact much later than Connor Stevens himself. As the undersigned recalls, the agent for the Government somewhat agreed to this analysis while testifying at the detention hearing.

While the Defendant acknowledges the wrongdoing of his conduct, it is clear that if a minor role involvement is to be applied to any of the participants in this case, in equity it should be easily applied to the Defendant.

### IV. The problem with the uninvited revision of the Defendant's Pre-Sentence Investigation Report.

As this Court is aware, the undersigned and the Defendant have been presented with two versions of a presentence investigation report. The initial presentence investigation report that came out was dated September 27, 2012. Objections to that initial presentence investigation report no later than October 14, 2012.

That presentence investigation report did not apply the terrorism enhancement. Because of that, paragraph 85 of that initial presentence investigation report called for a sentencing range of approximately 30 to 37 months for the Defendant. Neither the Government nor the undersigned filed any objections to that initial presentence investigation report. However, the probation department, in its final presentence investigation report filed on the docket on November 9, 2012, decided to apply the terrorism enhancement to the Defendant. The probation department did this revision notwithstanding the fact that neither the Government nor the undersigned filed any objections to the September 27, 2012 initial presentence investigation report.

This creates an interesting legal issue for the Government and this Court. Can a probation department unilaterally, without any request or suggestion or objection by either the Government or counsel for the defendant, file a revised it substantially different presentence investigation report - and then possibly take the position that counsel for the defendant cannot present any objections to that final report? The Defendant and the undersigned are very much aware of the fact that the probation department has revised the report as it applies to the Defendant because of the arguments made with respect to the other defendants in this case. However, nothing filed during the course of the motions and briefs and memorandums as it relates to the other three defendants was filed with the purpose of making any arguments about the Defendant.

The Defendant makes the foregoing point solely to point out to the Government and this Court that this Court may have some technical leeway in deciding to apply a proper actual sentence to the Defendant. Technically speaking, this Court could force the Government and the probation department to be stuck with the conclusions and recommendations set forth in the September 27, 2012 initial disclosure, and then apply a net sentence that equals essentially one half of the lowest sentence given to the remaining three defendants. This Court could do this by sticking with that initial presentence investigation report and applying the factors set forth in 18 USC §3553.

**V.  Conclusion.**

In light of all of the foregoing, it is respectfully requested that the Defendant received a net sentence that is substantially equal to one half of the lowest sentence delivered to any of the three other defendants in this case.

    Respectfully submitted;

    LIPSON O'SHEA LEGAL GROUP

    /Michael J. O'Shea
    Michael  J. O'Shea, Esq. (0039330)
    michael@moshea.com
    Beachcliff Market Square
    19300 Detroit Road - Suite 202
    Rocky River, Ohio 44116
    (440) 356-2700
    (440) 331-5401 - fax 55

    **Attorney for the Defendant**

## **PROOF OF SERVICE**

    I hereby certify that a true copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic system.

                                        <u>S/Michael J. O'Shea</u>
                                        Michael J. O'Shea