# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12-CR-238 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ANTHONY HAYNE, | ) | **MOTION TO TERMINATE** |
| | ) | **LIFETIME SUPERVISED RELEASE** |
| Defendant | ) | **IN THIS CASE ON THIS PARTICULAR** |
| | ) | **DEFENDANT** |
| | ) | |

Now comes Defendant Anthony Hayne (the "Defendant"), by and through counsel, and hereby respectfully moves this Court to terminate the "lifetime" supervised release as to the Defendant in this particular case.  There should be no lifetime supervised release for the Defendant for the following reasons.

First, 18 USC §3583 provides that "supervised release" is limited to the limits of the type of felony involved (i.e. Class A, Class B, Class C, Class D and Class E).  Max is 5 years after release.  However, 18 USC §3583(j) provides:

> (j) Supervised Release Terms for Terrorism Predicates.
> Notwithstanding subsection (b), the authorized term of supervised release for any offense listed in *section 2332b(g)(5)(B)* is any term of years or life.

-1-

18 USC §2332b (Acts of terrorism transcending national boundaries) **_only_** appears to apply to acts of terrorism "transcending national boundaries"). The Defendant was not convicted of 18 USC 2332b. His convictions were for: 2 counts of 18 USC §2332 [Conspiracy to Use a Weapon of Mass Destruction and Attempt to Use a Weapon of mass Destruction]] (Class A felonies) and 1 count of 18 USC §844 [Malicious Use of Explosives] (Class C felony).

Second, §5D1.2 of the Sentencing Guidelines provide for essentially the same thing.[1]

Given all of this, it appears that the lifetime supervised release should not apply to the Defendant. For the foregoing reasons, the Defendant respectfully moves that (A) supervised

---

[1] §5D1.2 of the Sentencing Guidelines provides:

(a) Except as provided in subsections (b) and (c), if a term of supervised release is ordered, the length of the term shall be:
    (1) At least two years but not more than five years for a defendant convicted of a Class A or B felony. See 18 U.S.C. § 3583(b)(1).
    (2) At least one year but not more than three years for a defendant convicted of a Class C or D felony. See 18 U.S.C. § 3583(b)(2).
    (3) One year for a defendant convicted of a Class E felony or a Class A misdemeanor. See 18 U.S.C. § 3583(b)(3).

(b) Notwithstanding subdivisions (a)(1) through (3), the length of the term of supervised release shall be not less than the minimum term of years specified for the offense under subdivisions (a)(1) through (3) and may be up to life, if the offense is—
    (1) any offense listed in 18 U.S.C. § 2332b(g)(5)(B), the commission of which resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or
    (2) a sex offense.

(Policy Statement) If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended.

(c) The term of supervised release imposed shall be not less than any statutorily required term of supervised release.

release be functionally terminated as of 5 years after the Defendant's initial release from prison and (B) that the Defendant be released from federal custody.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

*/Michael J. O'Shea*
Michael J. O'Shea, Esq. (0039330)
michael@lipsonoshea.com
Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011 - office
(440) 331-5401 - fax

**Attorney for the Defendant**

## PROOF OF SERVICE

I hereby certify that a true copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic system.

S/Michael J. O'Shea
Michael J. O'Shea

-3-