IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:12-CR-238 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | GOVERNMENT'S MEMORANDUM |
| | ) | IN OPPOSITION TO DEFENDANT'S |
| ANTHONY HAYNE, | ) | MOTION TO TERMINATE LIFETIME |
| | ) | SUPERVISION PURSUANT TO THE |
| Defendant. | ) | TERRORISM ENHANCEMENT |

Now comes the United States of America, by and through Justin E. Herdman, United States Attorney, and Duncan T. Brown, Assistant United States Attorney, and respectfully submits this Memorandum in Opposition to Defendant's Motion to Terminate Lifetime Supervision Pursuant to the Terrorism Enhancement.

There is no statutory support for such a request, nor is there any caselaw even remotely relevant to support the granting of such a request. Because of the lack of legal support or precedent this request must be DENIED by the court for the reasons presented below.

**I.    Case History**

On April 30, 2012, the Defendant, along with four co-conspirators, was arrested by agents of the Federal Bureau of Investigation ("FBI") outside of a restaurant in Garfield Heights, Ohio. The Defendant was arrested shortly after he and his co-defendants placed an Improvised

Explosive Device ("IEDs") – which the Defendant believed contained actual C4 plastic explosives – at the base of the Brecksville-Northfield High Level Bridge (alternatively, "the Route 82 Bridge") and repeatedly attempting to detonate that IED.

On May 3, 2012, a three count indictment was unsealed charging the Defendant, along with co-defendants Douglas Wright, Brandon Baxter, Connor Stevens, and Joshua Stafford, with the following crimes:

- Count One: Title 18, United States Code, Sections 2332a(a)(2)(B) and (D) – Conspiring to Use Weapons of Mass Destruction;

- Count Two: Title 18, United States Code, Sections 2332a(a)(2)(B) and (D), and 2 – Attempting to Use Weapons of Mass Destruction;

- Count Three: Title 18, United States Code, Sections 844(i) and 2 – Attempting to Damage or Destroy Property Used in Interstate Commerce by Means of Explosives;

On May 7, 2012, the Defendant and his co-defendants were arraigned on the Indictment. Shortly thereafter, trial was scheduled for September 17, 2012. On July 25, 2012, the Defendant entered into a plea agreement with government in which he pled guilty to the three charges with which were filed against him. As a result of his plea agreement, the Defendant was sentenced to 72 months incarceration and a lifetime period of supervised release, as authorized by the law and application of the Terrorism Enhancement.

## II. Application of the Definition of Federal Crimes of Terrorism Pursuant to 18 U.S.C. § 2332b(g)(5) to U.S.S.G. §§ 3A1.4 and 5D1.2

The application of a lifetime term of supervised release pursuant to the application of U.S.S.G. §§ 3A1.4 and 5D1.2, the Terrorism Enhancement, for crimes defined as Federal Crimes

of Terrorism by 18 U.S.C. § 2332b(g)(5) is appropriate because all of the charges to which the Defendant pled guilty are enumerated offenses in 18 U.S.C. § 2332b(g)(5).

**1.     U.S.S.G. §§ 3A1.4 and 5D1.2- Terrorism Enhancement**

Part A of Chapter Three of the U.S.S.G. provides for "Victim-Related" adjustments to the Guidelines offense level. Following Congressional passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132 (1996), the current version of U.S.S.G. § 3A1.4 provides:

> (a) If the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels; but if the resulting offense is less than level 32, increase to level 32.

The Application Notes to Section 3A1.4 were amended to their current form after enactment of the USA PATRIOT Act in 2001. The current version of U.S.S.G. § 3A1.4 consists of four Application Notes which are viewed as "part of the Guidelines themselves and not mere commentary on them." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

Viewed in the aggregate, these amendments reflect an understanding by both Congress and the Sentencing Commission that "an act of terrorism represents a particularly grave threat because of the dangerousness of the crime and difficulty of deterring and rehabilitating the criminal, and thus that *terrorists and their supporters should be incapacitated for a longer period of time*." United States v. Meskini, 319 F.3d 88, 92 (2d Cir. 2003) (emphasis added).

  **a.     Application Note 1**

Application Note 1 to § 3A1.4 states that the term "Federal Crime of Terrorism" is defined at 18 U.S.C. § 2332b(g)(5); the term means an offense that "is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government

3

conduct" and is one of a series of specifically enumerated violations. As discussed below, both 18 U.S.C. § 2332a and 18 U.S.C. § 844(i) are enumerated offenses.

The term of supervised release for a qualifying Federal Crime of Terrorism parallels U.S.S.G. § 3A1.4 in U.S.S.G. § 5D1.2 by requiring a conviction for an offense enumerated in 18 U.S.C. § 2332b(g)(5). Thus, if an offense qualifies under the Terrorism Enhancement under U.S.S.G. § 3A1.4, it is likewise subject to an enhancement to a lifetime term of supervised release pursuant to U.S.S.G. § 5D1.2.

**2. Each Count of Conviction Implicates a Federal Crime of Terrorism, as Defined in 18 U.S.C. § 2332b(g)(5), and enhanced by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2**

Each count of conviction triggers the Terrorism Enhancement for offenses defined as Federal Crimes of Terrorism. *See* 18 U.S.C. § 2332b(g)(5) and U.S.S.G. §§ 3A1.4 and 5D1.2.

    **a.    Count One: 18 U.S.C. § 2332a(a)(2)(B) and (D)**

A lifetime term of supervised release is authorized by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2 for Federal Crimes of Terrorism defined in 18 U.S.C. § 2332b(g)(5). Reviewing the plain and unequivocal language of Title 18, United States Code, Section 2332b(g)(5), 18 U.S.C. § 2332a(a)(2)(B) and (D) is an enumerated offense within the definition of "federal crimes of terrorism." Therefore, a lifetime term of supervised release is authorized and appropriate for this conviction.

    **b.    Count Two: 18 U.S.C. § 2332a(a)(2)(B) and (D)**

A lifetime term of supervised release is authorized by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2 for Federal Crimes of Terrorism defined in 18 U.S.C. § 2332b(g)(5). Reviewing the plain and unequivocal language of Title 18, United States Code,

Section 2332b(g)(5), 18 U.S.C. § 2332a(a)(2)(B) and (D) is an enumerated offense within the definition of "federal crimes of terrorism."  Therefore, a lifetime term of supervised release is authorized and appropriate for this conviction.

      **c.**  **Count Three: 18 U.S.C. § 844(i)**

  A lifetime term of supervised release is authorized by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2 for Federal Crimes of Terrorism defined in 18 U.S.C. § 2332b(g)(5).  Reviewing the plain and unequivocal language of Title 18, United States Code, Section 2332b(g)(5), 18 U.S.C. § 844(i) is an enumerated offense within the definition of "federal crimes of terrorism."  Therefore, a lifetime term of supervised release is authorized and appropriate for this conviction.

## 3. The Defendant's Claim 18 U.S.C. § 3583(j) Does Not Include His Convictions is Erroneous

  The Defendant argues that 18 U.S.C. § 3583(j) invokes only offenses of 18 U.S.C. § 2332b.  18 U.S.C. § 3583(j) clearly states "Notwithstanding subsection (b), the authorized term of supervised release for any offense listed in section 2332b**(g)(5)(B)** is any term of years or life." *(Emphasis added.)*.  Thus, in following the direction of the statute and returning to 18 U.S.C. § 2332b(g)(5)(B), it is clear that both 18 U.S.C. § 2332a(a)(2)(B) and (D) and 18 U.S.C. § 844(i) are an enumerated offenses within the definition of "federal crimes of terrorism."  Thus, a lifetime term of supervised release under U.S.S.G. § 5D1.2 for Federal Crimes of Terrorism is authorized and appropriate.

**III.**  <u>**There is No Legal Precedent to Support the Termination of Lifetime Supervision**</u>

  If statutory interpretation offers no safe harbor for the Defendant's pursuit for termination of his lifetime term of supervised release, he finds even less solace in case law.  Simply, there are no cases that support the Defendant's position.  The two cases presented by the Government

below, support the propriety of the District Court's original imposition of a lifetime term of supervised release. Most recently, the Second Circuit considered the reasonableness of the imposition of a lifetime term of supervised release in a narcotics case in which the defendant violated his original term of supervision. The Court found that a variance by the sentencing court was not reasonable, even if within the court's discretion. United States v. Brooks, 889 F.3d 95, 101 (2nd Cir. 2018). However, Brooks distinguishes itself from the instant case in two significant ways; first, the term of supervised release was the subject of a variance from the regular 5-year maximum term. Id. In the instant case, 18 U.S.C. 3583(j) specifically directs a court to apply an enhanced term of supervised release for listed enumerated Federal Crimes of Terrorism "notwithstanding" the typical term of supervised release. Second, and more importantly, the Brooks court directly distinguishes defendant Brooks from the defendants in United States v. Wright, 747 F.3d 399 (6th Cir. 2014), the case for which Defendant Hayne was both a co-defendant and unsuccessful co-appellant. In Brooks, the Court, correctly so, recognized that the Wright case, including appellant Hayne, fell into a different analysis for determining the reasonableness for a lifetime term of supervision. Brooks, 889 at 103. Therefore, Brooks is of cold comfort.

  Likewise, the other case to examine the reasonableness of the imposition of a lifetime term of supervised release should be familiar to Defendant Hayne. In affirming the lower court's application of the Terrorism Enhancement, and the reasonableness of a lifetime term of supervised release for all of the appellants, the Sixth Circuit held that the sentencing court's discussion of the application of the Terrorism Enhancement, sentencing considerations, and reasons for imposing its sentences were reasonable and adequate. Wright, 747 at 416-417.

6

Finally, the Supreme Court handed down a case finding the application of 18 U.S.C. § 3583(k) unconstitutional.  United States v. Haymond, 139 S.Ct. 2369 (2019).  However, Haymond is easily distinguished and inapposite.  Haymond focused exclusively on a subparagraph that allowed for additional mandatory minimum sentences for violations of certain crimes relating to minor victims by offenders convicted of related crimes.  Id.  The Court examined the due process implications of these types of additional penalties; however, such additional penalties are not at issue in this case.  The crimes and convictions that are the subject to § 3583(k) are not listed in § 3583(j), and therefore, based solely on the sub-paragraph at issue in Haymond, the opinion is not applicable to this case.

**IV.  Conclusion**

The Defendant's request is not based on any statutory or case law authority.  While a lifetime of supervision may be a burden to Mr. Hayne that he would rather not bear, based on the sentencing court's appropriate and affirmed reasoning, such a lifetime sentence was within the discretion and authority of the sentencing court.  Therefore, the government respectfully requests his motion be DENIED.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of January 2020 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                      /s/ Duncan T. Brown
                                      Duncan T. Brown
                                      Assistant U.S. Attorney